INHABITANTS OF MONSON *vs.* JOSIAH · WILLIAMS.

A town, who support a wife neglected by her husband and standing in need of relief, may recover of the husband the amount necessary to her support as a pauper, but nothing more for supplies suitable to her condition in life.

ACTION OF CONTRACT to recover for supplies furnished to the defendant's wife as a pauper.

At the trial in the court of common pleas, it appeared that the defendant was a man of large property and of good credit in Monson, and that his wife, by reason of his neglect to support her, stood in need of immediate relief, and, upon applying to the plaintiffs, was supported by them at a greater expense than she might have been supported at in the town poor house. The reason, as testified by the overseers of the poor, for not sending her to the poor house, and for expending an unusual amount for her support, was the wealth of her husband and his supposed ability to support her.

The defendant contended that the overseers had not exercised their discretion as public officers in determining where she should be supported, and the amount to be expended; but had expended the amount which they, as individuals, thought the defendant, as a man of wealth, ought to pay; and that, for this reason, the plaintiffs could not recover, or must be limited to the amount that it would have cost them to support her properly as a poor person, and without reference to her husband's wealth.

But *Mellen*, C. J. instructed the jury, that in order to authorize the town to supply the wife, she must have been in distress, and in need of immediate relief, and the burden was on the plaintiffs to show this; that, if this was proved, the town, on her application, were bound to afford her relief, and would be entitled to recover of the defendant such amount as the overseers, in the exercise of reasonable care and discretion, had expended; and this amount would not be limited to the sum which it would have cost them to support her as a poor per-

Inhabitants of Monson *v.* Williams.

son, without reference to any thing else; but the overseers might properly, in the exercise of their discretion, consider her circumstances as the wife of the defendant, and be properly influenced by them in determining the amount to be expended.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*F. Chamberlin,* for the defendant.

*W. G. Bates & C. A. Winchester,* for the plaintiffs.

THOMAS, J. An action may be maintained by the town against the husband for the support of his wife as a pauper. But she does not carry to the town the credit of her husband. A town cannot, as a trader might, supply her with necessaries suitable to her condition in life. The only power of the town is under the pauper laws. If she is in need of relief, the town may supply it, but as to a pauper. The overseers who have her in charge are of course to exercise a sound discretion in determining whether or not she shall be sent to the poor house, and as to what is necessary for her relief as a poor person. But in the exercise of this discretion they cannot take into consideration her circumstances as the wife of the defendant; nor can this consideration influence them in determining the amount to be expended. That would be to apply to this mode of support the rule adopted in the supply of necessaries; and in cases, like this, where the husband is a person of large fortune, the rule would allow the overseers of the poor to support her in a style not only of comfort, but to some degree of luxury. *New Bedford* v. *Chace,* 5 Gray, 28.

If the husband has unjustly expelled his wife from his house and refused to support her, her friends may supply her wants and recover the amount expended of the husband. The legal tribunals of the country are also open to her for redress. But in this form of relief she can recover support only as a pauper.

*Exceptions sustained.*